IN THE STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
IN THE CHARLESTON DIVISION

| | |
|---|---|
| Alicia Daniel<br><br>        Plaintiff<br><br>v.<br><br>GAT Airline Ground Support<br><br>        Defendant | **COMPLAINT**<br>**Americans with Disabilities Act**<br>**Retaliation**<br><br><br>Case No.  2:23-CV-201-BHH-MGB<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff Alicia Daniel  (hereinafter "Plaintiff" or "Daniel"), by and through her undersigned counsel, and files this Complaint for Damages against Defendant GAT Airline Ground Support (hereinafter "Defendant" or "GAT") and respectfully shows this Court as follows:

## PARTIES

1)  Plaintiff is a resident of Charleston County, South Carolina, within the district and division of this court.

2)  Defendant provides ground support for airlines flying in and out of Charleston International Airport, does business, maintains offices, and employs individuals in

Charleston County, South Carolina, within the district and division of this Court.

## JURISDICTION

3) Plaintiff invokes the jurisdiction of this Court over a federal question pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12111 to 12117, and a claim of Retaliation for protected activity under Equal Employment Opportunity law.

## VENUE

4) Venue is proper in that Plaintiff resides within the district and division of this Court, and the unlawful employment practices complained of herein occurred within the district and division of this Court.  GAT does business and maintains substantial investments within the district and division of this Court.

## EXHAUSTION OF ADMINISTRATIVE APPEALS

5) Plaintiff timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (hereinafter "the EEOC").  The EEOC referred the matter to the South Carolina Human Affairs Commission (hereinafter "SCHAC"), which determined that reasonable cause exists to believe that the alleged discriminatory act or acts did occur.  Conciliation failed and SCHAC issued a Right to Sue, dated September 28, 2022.   The Notice of Right to Sue is attached as Exhibit A.

## FACTUAL ALLEGATIONS

6) On March 30, 2021, Plaintiff was hired by GAT as as a Customer Service Agent at the Charleston International Airport.

7) During her interview for the job, she disclosed to the company representative that she she had a severe allergy to chocolate.

8) After she was hired, Plaintiff notified supervisors and co-workers of her allergy to chocolate as well as to shellfish and nuts.

9) Plaintiff asked her supervisors about a safe location where she could safely eat at work without being exposed to these allergens.  She was told they would have to check with the corporate office.

10) Plaintiff continued to ask for a safe place to eat and her request was continually deferred.  She began eating meals in her car and retreating to open areas, to avoid exposure to allergens brought to work and in common areas.

11) Defendant did not provide a safe place to eat or to ask/require coworkers to refrain from bringing allergens to the work areas.  Her supervisor, Meisa Jackson (hereinafter "Jackson"), told Plaintiff her that she didn't know how to help her and that Plaintiff should have disclosed her allergies during the job interview.  Plaintiff told Jackson that she had done so.

12) On May 6, 2021 Plaintiff was brought onto a call with Jackson, her general manager Ricky Whitted (hereinafter "Whitted") and the corporate director of Human Resources.  They discussed ADA accommodations and told Plaintiff would need to take unpaid leave for three days while they processed the paperwork.

13) The following day, Plaintiff was able to obtain ADA certification from her physician jusiciand an he immediately provided that to her employer.

14) Plaintiff exchanged numerous messages with Jackson, who questioned the requested accommodations.  Defendant did post a notice in the break room prohibiting employees from bringing in foods containing the allergens. There was an outcry and Whitted offered disgruntled employees the opportunity to eat those foods in his office.

15) Defendant's office of Human Resources was in possession of letters certifying her need for accommodations for her recognized disabilities, and was provided with periodic updated letters of certification.

16) Consistent with the accommodations requested in the letters of certification, Plaintiff was permitted to arrive at work after her scheduled time.

17) Plaintiff had never been counseled or disciplined on the basis of these late arrivals.

18) Plaintiff was consistently asked to fill in when co-workers were absent, and was regularly asked to work overtime hours.

19) On September 16, 2020, SCHAC issued a Dismissal and Right to Sue letter associated with the complaint she had previously filed, Complaint No. 1-20-231D, R, RET.

20) On September 20 Defendant was unable arrive to work at her scheduled time.

21) On September 21, Defendant called a meeting with Plaintiff to discipline her for her late arrival on September 20.  This was the first time Plaintiff had been counseled or warned regarding her late arrivals.  At that time Defendant claimed that Plaintiff had been orally counseled for a late arrival on August 22, which was not true.

22) At the same September 21 meeting, Plaintiff was also presented, for the first time, a written warning for a late arrival on September 7. Defendant asserted that the written warning was not delivered before September 21 because her supervisor had not had time to deliver it.

23) On September 30, 2020, two weeks after SCHAC issued to its Right to Sue, Plaintiff was placed on administrative leave with pay and told that she could not return to work until she could provide a psychological fitness to return to duty. She had never before been asked to provide such a document, and had consistently provided medical certifications of her ability to execute the essential duties of her job.

24) The County insisted that she obtain a certificate of fitness to return to duty from the health provider of their choosing.

25) The County scheduled, canceled, postponed and rescheduled, for Plaintiff, medical appointments with the providers of their choosing in October, November and December.

26) By letter dated Friday January 22, 2021, Defendant informed Plaintiff, for the first time, that she was entitled to obtain a second opinion if she could do so by January 27. The letter was sent by first class mail. Plaintiff received the letter on January 25. By that time, Plaintiff had 48 hours to get an appointment, an evaluation and a letter of opinion from a physician.

27) To her credit, Plaintiff was able to get a letter from her psychiatrist, but he sent the letter to her work email, from which she had already been locked out.

28) Because she did not make the deadline of January 27, on January 28, Ms. Scott's status was switched from paid administrative leave to unpaid FMLA leave. She was never permitted to return to work. When she exhausted her FMLA leave on March 29, 2021, she was fired.

**FIRST CLAIM FOR RELIEF**
**Violations of the Americans with Disabilities Act, as amended,**

29) Paragraphs 1-20 are incorporated here by reference.

30) Plaintiff was employed in a position for which she was qualified.

31) Plaintiff suffered from one or more recognized health conditions that constitute disabilities under the Americans with Disabilities Act, as amended. These health conditions were known to her employer.

32) Plaintiff was able to perform all essential functions of her job with or without

reasonable accommodations.

33)  The accommodations requested were reasonable and would not have been burdensome or costly.

34)  Defendant violated the ADA by denying reasonable accommodations, and by terminating Plaintiff's employment in retaliation for her demands for accommodations.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests that this Court provide the following relief:

a) Award Plaintiff back pay, front pay plus pre-judgment interest.

b) Award Plaintiff compensatory and punitive damages for emotional pain, mental anguish, and inconvenience.

c) Award costs and attorney's fees, in an amount to be determined by the Court.

d) Grant such other relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED,

s/ John F. Emerson

John F. Emerson (D.S.C. Bar # 05900jfe)
EMERSON LAW, LLC
1470 Ben Sawyer Blvd., Suite 15
Mount Pleasant, SC  29464
(843) 929-0606
john@johnemersonlaw.com

Date of Signing:  January 13, 2023